Dear Dr. Tuttle,
The Attorney General has received your letter wherein you ask, in effect, the following questions:
(1) If the proposed area vocational-technical school districtcoterminous with the boundaries of Oklahoma City School District I-89 isformed, may the qualified electors residing in such district who alsoreside in the area vocational districts formed by South Oklahoma CityJunior College and Oscar Rose Junior College vote on the operating milllevy for the proposed district even though their property cannot beadditionally taxed?
 (2) If such electors may vote on the operating mill levy, may theyalso vote on building fund levies and bond issues relating to theproposed district?
As you have noted in past correspondence with this office, certain portions of District I-89 (and therefore portions of the proposed area vo-tech district) are included in the area vo-tech districts formed by South Oklahoma City Junior College and Oscar Rose Junior College. As a result, you previously requested an Attorney General's opinion on the issue of whether the electors residing in the portions of District I-89 which overlap with the other area districts could vote on the proposal of forming an area vocational district coinciding with District I-89. Subsequently, Attorney General's Opinion 79-113 (May 16, 1979) was issued wherein it was determined that the electors of District I-89 residing in the overlap areas could vote on the proposal even though such electors could not be subjected to taxation for the new district if the prior area districts had already levied the maximum tax on the property in the overlap.
With respect to your present inquiry relating to elections for operating mill levies and building fund levies, 70 O.S. 14-108 (1975) provides as follows:
 "An election to vote on the question of making a levy of not to exceed five (5) mills on the dollar valuation of the taxable property in an area school district under the provisions of Article X, Section 9B, Oklahoma Constitution, shall be called by the board of education and conducted by the county election board of such district in the same manner that elections for emergency levies in school districts under the provisions of Article X, Section 9(d), Oklahoma Constitution, are called and conducted, and, when such levy is approved by a majority of the electors of the area school district voting on the question at such election, the levy shall be made each fiscal year thereafter until repealed by a majority of the electors of the district voting on the question at an election called for such purpose; and elections on a levy for a building fund for an area school district under the provisions of Article X, Section 10, Oklahoma Constitution, shall be called by the board of education of such district and conducted by the county election board in the same manner that elections for similar levies are called and conducted in independent school districts." (Emphasis added.)
In accord with 70 O.S. 14-108 concerning an operating mill levy is Okla. Const. Article X, Section 9B which provides for the adoption of an operating mill "when such levy is approved by a majority of the electors of the area school district". Regarding building fund levies, Okla. Cons. Article X, Section 10 provides for the adoption of such a levy by a school district when "submitted to a vote of the people, and a majority of the qualified voters of such . . . school district, voting at such election, shall vote therefor".
As to what persons are considered qualified electors of the district, the above-referred statute and constitutional provisions are silent. However, as was intimated in our prior opinion, 70 O.S. 2-101[70-2-101] et seq. (1971) controls school elections for both independent and area school districts. 70 O.S. 2-102 (1974) provides that "to be eligible to vote in a school district election, a person must be registered with the county election board at an address located within the geographical boundaries of the district". Neither this section nor any other provision require that an elector properly registered to vote in the district additionally be subject to the property tax levy for that district in order to exercise the franchise to vote. The fact that ones property is already taxed to the maximum amount makes such person no less qualified to vote in any election of any school district which encompasses his or her residence if such person otherwise meets the simple requirements of 70 O.S. 2-102.
With respect to the issuance of bonds, the authority for a school district to become indebted is found in Okla. Const. Article X, Section26 and 70 O.S. 15-101 (1971). Regarding the issue of what persons are entitled to vote in a school district bond election, 70 O.S. 15-103 (1971) provides as follows:
 "On the question of issuance of said bonds, no person shall be qualified to vote unless he be in all respects a school district elector of such district. In case three-fifths (3/5) of the voters thereof voting at such election shall vote affirmatively for the issuance of said bonds, then the said board of education shall issue the same and not otherwise . . ."
As to what is necessary to qualify as a "school district elector" as used above, reference must again be made to 70 O.S. 2-102 wherein the only requirements to vote are to be of voting age, residing in the district, and properly registered to vote with the county election board. The fact that a person's residence in an area school district which seeks to issue a bond is also included in another area district does not make such person any less a resident of the district in question.
It is, therefore, the opinion of the Attorney General that yourquestions should be answered as follows:
 If the area vocational-technical school district coterminous with theboundaries of District I-89 is formed, the qualified electors residing inthe portions of I-89 which overlap with the area districts formed bySouth Oklahoma City Junior College and Oscar Rose Junior College may votein any election conducted by the proposes district, including thoserelating to operating mill levies, building fund levies, and the issuanceof bonds, even though such electors' property may already be subject tothe maximum taxation allowed by law.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
BRENT S. HAYNIE, ASSISTANT ATTORNEY GENERAL